IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2009

**STATE OF TENNESSEE v. DEBORAH JO ORR**

**Appeal from the Circuit Court for Dickson County**
**No. 8954    George Sexton, Judge**

_____

**No. M2009-00073-CCA-R3-CD - Filed January 7, 2010**

_____

The Defendant, Deborah Jo Orr, was charged with one count of driving under the influence (fourth offense), one count of driving on a revoked license (first offense), one count of violating the implied consent law, and one count of possession of drug paraphernalia. Following a jury trial, she was convicted as charged. In this direct appeal, she contends that the State presented evidence insufficient to convict her of driving under the influence. After our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Deborah Jo Orr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Craig Monsue, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

Officer Seth Lyle of the Dickson Police Department testified that, at about 2:10 p.m. on July 2, 2006, he received a dispatch instructing him to search for a suspected drunk driver in a black Ford Escort bearing a particular tag number. He located the vehicle shortly

thereafter, and almost immediately followed it as it pulled into a K-Mart parking lot. Officer Lyle did not observe any erratic driving during this short time.

Officer Lyle exited his vehicle and approached the driver's side of the Escort. The Defendant was in the driver's seat, and she was alone in the car. Officer Lyle began to converse with the Defendant through her open window and noticed that her speech was slurred. He also noticed an open can of beer in Escort's front console.

Officer Timothy Hedge was dispatched to the scene to replace Officer Lyle, whose shift was to end at 2:30 p.m. Officer Hedge testified that, upon joining Officer Lyle, he noticed that the Defendant "smelled of an alcoholic beverage pretty strong." He asked the Defendant if she had been drinking; she replied that she had consumed three beers that day. As to the beer in her Escort's center console, she said she had just bought it and had only taken one sip. Officer Hedge touched the can and confirmed that it was still cold.

Officer Hedge asked the Defendant to exit her vehicle and perform four field sobriety tests. The Defendant confirmed that she had no physical impairments that might limit her ability to perform the tests. Officer Hedge testified that the Defendant failed each of the four field sobriety tests he gave her: she (1) was unable to touch her finger to her nose, instead hitting the side or bridge of her nose; (2) was unable to touch her one foot's heel to the other foot's toe while walking; (3) declined to perform a one-legged stand after removing her flip-flops and discovering that the pavement was too hot to stand on in bare feet; (4) was unable to count up to four and then down from four on her fingers. Based on her performance of the tests, slurred speech, and odor of alcohol, Officer Hedge determined that the Defendant was under the influence of alcohol. A search of the Defendant's vehicle revealed a crack pipe inside a pack of cigarettes.

Officer Hedge arrested the Defendant and transported her to the Dickson Police Department, where he read her the implied consent form. The Defendant refused to take a blood alcohol level test. The Defendant was convicted as charged following a jury trial. She now appeals.

## Analysis

The Defendant challenges the sufficiency of the evidence to support the jury's verdict that she was guilty of driving under the influence.[1] Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of

---

[1] The Defendant's only challenge is to the sufficiency of the convicting evidence to support a finding that she was driving a motor vehicle while under the influence of an intoxicant.

guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Tennessee Code Annotated section 55-10-401(a) provides as follows:

It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises that is generally frequented by the public at large, while:

> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; . . .

Any rational jury could have found the Defendant guilty of driving under the influence. The State introduced evidence that she was the only occupant of her vehicle and sat in the driver's seat, establishing that she was in physical control of the car. As to whether she was under the influence of an intoxicant, Officers Lyle and Hedge both testified that the Defendant's speech was slurred and that she had an open can of beer in her car. Officer Hedge further testified that the Defendant's person smelled of alcohol and that she failed four field sobriety tests. Officer Hedge testified that, in his opinion, the Defendant was under the

-3-

influence of alcohol at the time of her arrest. This evidence is sufficient to support the Defendant's conviction for driving while under the influence of an intoxicant beyond a reasonable doubt. This appeal is without merit.

## Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____

DAVID H. WELLES, JUDGE